925 F.2d 1467
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory K. WOLLER, Plaintiff-Appellant,
v.
Deputy Roger ROBILLARD, Sheriff Harry Pennington,
Defendants-Appellees.
 No. 90-1883.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1991.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Gregory K. Woller, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking equitable and monetary relief, Woller sued a deputy with the Muskegon County (Michigan) Sheriff's Department and the sheriff of Muskegon County. Woller alleged that Deputy Robillard used excessive force in removing him from his cell while he was housed at the Muskegon County Jail, causing him injury. He further alleged that Sheriff Pennington was liable for his deputy's action.
 
 
 4
 In an opinion filed July 2, 1990, the district court granted the defendants' motion for summary judgment, finding that: (1) Woller had failed to establish any personal involvement of defendant Pennington in the alleged incident, and (2) defendant Robillard's use of force did not rise to constitutional proportions.
 
 
 5
 On appeal, Woller does not challenge the district court's summary judgment in favor of Pennington, but argues that summary judgment in favor of Robillard was improper. He further argues that he was not afforded full opportunity to conduct discovery. Woller requests the appointment of counsel in his brief.
 
 
 6
 We shall affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Because Woller did not appeal the district court's judgment in favor of defendant Pennington, that judgment is not reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Further, the record shows that Woller's minor injuries resulted from his own insubordination and the reasonable force used by Robillard to maintain order. Thus, Robillard's action does not rise to the level of a constitutional violation. See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir.1986). Finally, Woller did not request a court order compelling discovery and we find no prejudice to his claim in the fact that he did not timely receive a copy of his deposition testimony.
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation